UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| In Re: Child Victims Act Cases Removed From State Court | 23-cv-5163 <br> 23-cv-5166 |
|---|---|

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, District Judge:

Before the Court are motions to remand two actions brought under the New York Child Victims Act ("CVA")[1] against organizations affiliated with the Diocese of Rockville Centre (the "Diocese"). In *Doe v. Mercy Medical Center et al.*, No. 23-cv-5163, Plaintiff Jane Doe brings suit against Defendants Mercy Medical Center and Catholic Health Services of Long Island for claims arising from the alleged sexual abuse of Plaintiff by a nurse when Plaintiff was an eight-year-old patient. In *Bernardo v. Infant Jesus Roman Catholic Church et al.*, No. 23-cv-5166, Plaintiff Donna Bernardo brings claims arising out of an employee's alleged sexual abuse of Plaintiff when she was sixteen years old against the following entities: Infant Jesus Roman Catholic Church; Our Lady of Wisdom Catholic School; Daughters of Wisdom, United States Province, which is a religious non-profit organization; and unnamed individuals. These actions are two of approximately 220 CVA cases initially filed in state courts, which were subsequently removed to the United States District Court for the Eastern District of New York.[2] These cases solely allege state claims against organizations affiliated with the Diocese, not the Diocese itself, and Defendants in these cases ("Defendants") do not claim that this Court has diversity jurisdiction under 28 U.S.C. § 1332. Rather, Defendants assert, as have Defendants in the other

---

[1] N.Y. C.P.L.R. § 214-g.
[2] *In Re: Child Victims Act Cases Removed from State Court*, No. 23-CV-04741 (HG), 2023 WL 5287067, at *2 (E.D.N.Y. Aug. 17, 2023).

1

CVA cases removed to this District, that the Court has subject matter jurisdiction over these matters under 28 U.S.C. § 1334(b) because these actions are "related to" the Diocese's pending bankruptcy proceeding in the United States Bankruptcy Court for the Southern District of New York.[3] The Plaintiffs in these two actions ("Plaintiffs") have moved to remand the cases back to state court. For the reasons set forth below, the Court finds that it must abstain from exercising jurisdiction under 28 U.S.C. § 1334(c)(2). Even if the mandatory abstention statute did not apply, the Court finds that the doctrines of permissive abstention and equitable remand warrant remanding these cases back to state court. *See* 28 U.S.C. §§ 1334(c)(1), 1452(b). Thus, Plaintiffs' motions to remand are GRANTED.

The New York Legislature's enactment of the CVA and the subsequent filing of hundreds of New York state court civil suits challenging child sexual abuse is detailed in several decisions of this Court.[4] In 2019, the New York State Legislature enacted the CVA, which revived civil claims by adult survivors of alleged child sexual abuse that had been barred by statutes of limitation, and permitting people with such claims a period of two years within which they could file these otherwise time-barred actions. N.Y. C.P.L.R. § 214-g. Pursuant to the CVA, Plaintiffs were among hundreds who filed lawsuits against affiliates of the Diocese and those affiliates' employees. The Diocese is not itself a defendant in the cases before the Court or in the numerous other cases that have been removed to this District.[5]

---

[3] *See In re The Roman Catholic Diocese of Rockville Centre, New York*, No. 20-12345 (Bankr. S.D.N.Y.).

[4] *See e.g.*, *In Re: Child Victims Act Cases*, 2023 WL 5287067, at *2; *In re Child Victims Act Cases Removed From State Ct.*, No. CV 23-5029 (GRB), 2023 WL 5123396, at *1 (E.D.N.Y. Aug. 10, 2023); *Pokalsky v. Par. of Saint Raphael*, No. 23-CV-4786, 2023 WL 6517296, at *1 (E.D.N.Y. Oct. 5, 2023).

[5] *See e.g.*, *In re Child Victims Act Cases*, 2023 WL 5123396, at *1; *In re Child Victims Act Cases*, 2023 WL 5287067, at *2.

Due to litigation expenses and potential liability arising from lawsuits commenced pursuant to the CVA, in October 2020, the Diocese filed for bankruptcy in the United States Bankruptcy Court for the Southern District of New York under Chapter 11 of the United States Bankruptcy Code.[6] Initially, on consent of the parties, the Bankruptcy Court enjoined proceedings in over 220 CVA lawsuits pending in state courts against Diocese affiliates.[7] In January 2023, the plaintiffs in these state court actions withdrew their support for further extensions of the preliminary injunction.[8] In June 2023, following a bench trial, the Bankruptcy Court issued an order terminating the stay of these state court CVA actions.[9] Immediately following the termination of this stay, defendants to these state court CVA actions joined the Diocese in filing a joint petition under 28 U.S.C. § 157(b)(5) in the United States District Court for the Southern District of New York to transfer the cases to the Southern District of New York in light of the bankruptcy proceedings in that District.[10] Simultaneously, the state court defendants, including Defendants in the present cases, removed the CVA cases to the U.S. District Court for the Eastern District of New York.

Defendants removed these state court CVA cases solely on the basis that this Court has jurisdiction over the actions because they are "related to" the Diocese's bankruptcy proceedings

---

[6] *Id.* at *2.

[7] *In re Roman Cath. Diocese of Rockville Ctr., New York*, 651 B.R. 622, 629 (Bankr. S.D.N.Y. 2023).

[8] The plaintiffs in these state actions withdrew their support via a statement by the Official Committee of Unsecured Creditors, which is a committee of seven creditors appointed in a Chapter 11 bankruptcy case to advocate for the interests of creditors with claims similar to the committee members' claims. 11 U.S.C.A. § 1102–1103; *The Roman Cath. Diocese of Rockville Ctr., New York v. ARK 320 DOE, et al.*, No. 20-ap-01226 (MG), Doc. 166 (Bankr. S.D.N.Y. January 14, 2023).

[9] *See In re Roman Cath. Diocese of Rockville Ctr.*, 651 B.R. at 628.

[10] The motion is currently pending before the Honorable Lorna G. Schofield, No. 23-cv-5751 (LGS), ECF No. 1.

3

pursuant to 28 U.S.C. § 1334(b). Plaintiffs in the present cases moved to remand, asserting that these actions are not sufficiently "related to" those bankruptcy proceedings to confer jurisdiction on this Court, and that even if the Court does have "related to" jurisdiction over these matters, the Court must abstain from exercising that jurisdiction under 28 U.S.C. § 1334(c)(2). Plaintiffs argue in the alternative that the Court should abstain from exercising jurisdiction under the doctrines of permissive abstention set forth in 28 U.S.C. § 1334(c)(1) and equitable remand under 28 U.S.C. § 11452(b). Defendants object, urging the Court to deny the remand motions, or alternatively hold the motions in abeyance in light of the pending Section 157(b)(5) motion in the Southern District of New York.

As these cases are two of the more than 220 CVA cases filed against defendants affiliated with the Diocese in state court and subsequently removed to this District, the Court writes with the benefit of numerous decisions remanding to state court more than a hundred actions similar to the two at issue here.[11] The Court incorporates by reference the Honorable Hector Gonzalez's comprehensive and well-reasoned opinion remanding ten CVA cases in which the parties advanced the same arguments as they do in the two cases before this Court. *See In Re: Child Victims Act Cases Removed From State Court*, No. 23-CV-4741 (HG), 2023 WL 5287067

---

[11] *See, e.g., In re Child Victims Act Cases Removed From State Ct.*, No. 23-CV-4717 (OM), 2023 WL 7412276 (E.D.N.Y. Nov. 9, 2023); *In re Child Victims Act Cases Removed From State Ct.*, No. 23-CV-4787 (KAM), 2023 WL 7283793 (E.D.N.Y. Nov. 3, 2023); *In re Child Victims Act Cases Removed from State Ct.*, No. 23-CV-04791 (NGG), 2023 WL 6050276 (E.D.N.Y. Sept. 15, 2023); *Pokalsky*, 2023 WL 6517296 (E.D.N.Y. Oct. 5, 2023); *In re Child Victims Act Cases Removed From State Ct.*, No. 23-CV-4761 (AMD), 2023 WL 5718006 (E.D.N.Y. Sept. 5, 2023); *In re: Child Victims Act Cases Removed from State Court*, No. 23-CV-4782 (DJ), ECF No. 13; *In re Child Victim Act Cases Removed From State Court*, No. 23-CV-4723 (PKC), 2023 WL 5587623 (E.D.N.Y. Aug. 29, 2023); *In Re: Child Victims Act Cases Removed From State Court*, No. 23-CV-4991 (ARR), 2023 WL 5436138 (E.D.N.Y. Aug. 23, 2023); *In re Additional Child Victims Act Cases Removed From State Court*, No. 23-CV-04580 (JMA), 2023 WL 5287219 (E.D.N.Y. Aug. 17, 2023); *In Re: Child Victims Act Cases*, 2023 WL 5287067; *In re Child Victims Act Cases*, 2023 WL 5123396.

(E.D.N.Y. Aug. 17, 2023). For the reasons set forth in Judge Gonzalez's opinion, the Court finds that it does have "related to" jurisdiction over Plaintiffs' claims, but that the doctrine of mandatory abstention requires the remand of these cases. *Id.* at *5–8. Further, the Court adopts Judge Gonzalez's conclusion that even if mandatory abstention did not apply, it would be appropriate for the Court to remand the instant actions under the doctrines of permissive and equitable abstention. *Id.* at *8.

As to Defendants' alternative request for a stay, the Court does not find it appropriate to hold these motions in abeyance. The Court agrees with the reasoning and conclusion of the Honorable Pamela Chen that a stay is not more "judicially efficient" than remand in these circumstances and that the significant delays Plaintiffs have already endured compels the Court to rule on these motions to remand to permit litigation in these actions to go forward. *See In re Child Victim Act Cases*, 2023 WL 5587623, at *2.

Therefore, because the Court must abstain from exercising jurisdiction in these cases, Plaintiffs' motions to remand are GRANTED. The following cases are hereby remanded to the courts from which they were removed:

- *Doe v. Mercy Medical Center et al*, No. 23-cv-5163, Nassau County Supreme Court Index No. 900213/2021; and
- *Bernardo v. Infant Jesus Roman Catholic Church et al.*, No. 23-cv-5166, Nassau County Supreme Court Index No. 900380/2021.

The Clerk of Court is respectfully directed to close these cases and to mail a copy of this order to the New York State Supreme Court in Nassau County.

Dated: Central Islip, New York

November 22, 2023

                                              _____/s Nusrat J. Choudhury_____
                                                      NUSRAT J. CHOUDHURY
                                                      United States District Judge